UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DIANE PENNINGTON,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **ISLAMIC REPUBLIC OF IRAN,** <br><br> Defendant. | Civil Action No. 19-796 (JEB) |

## ORDER

In its Memorandum Opinion of January 19, 2022, the Court entered default judgment for Plaintiffs in the amount of $273 million in their suit against the Islamic Republic of Iran. Pennington v. Islamic Republic of Iran, No. 19-796, 2022 WL 168261, at *6 (D.D.C. Jan. 19, 2022). It also requested supplemental briefing in four areas: 1) the factors on which wounded servicemember Adam Egli's non-military earnings estimates were based; 2) whether the economic-loss estimates for Egli and for nine Plaintiffs representing deceased servicemembers' estates were calculated on a pre- or post-tax basis; 3) the basis for the wide variation in estimates of personal-consumption rates for the Estate Plaintiffs; and 4) the pension payment plan selected by Rudy Guerrero Mesa. Id. at *4. Defendants provided this information on March 10, 2022. See ECF No. 58 (Amended Motion for Default Judgment). Armed with that submission and newly computed, post-tax economic-loss estimates for Egli and the nine Estate Plaintiffs, the Court now enters an Amended Judgment. Before providing the amount of the Amended Judgment, it will briefly explain its conclusions on each of the four above issues.

1

A.  Calculation of Egli's Non-Military Earnings

The Court finds that the use of Egli's "actual current earnings" by Plaintiffs' expert Donald Frankenfeld was a reasonable method for computing Egli's mitigation earnings and what he would have earned in his post-military career but for his injuries.  See ECF No. 58-1 (Supplemental Expert Report of Donald L. Frankenfeld) at 2–3.  Frankenfeld explains that those earnings are an appropriate measure of Egli's potential and that they, if anything, somewhat reduce the amount of his economic loss.  Id.  Those earnings figures are incorporated into Egli's post-tax economic-loss estimates discussed below, which the Court will adopt.

B.  Post-Tax Calculations

At the Court's request, Plaintiffs have submitted revised, post-tax economic-loss estimates for Egli and the nine Estate Plaintiffs.  See Minute Order of March 24, 2022; ECF No. 59-1 (Addendum to Expert Report of Donald L. Frankenfeld).  The Court requested these revised estimates because in most Foreign Sovereign Immunities Act cases in this district, "economic loss computations were calculated on an after-tax basis."  Frost v. Islamic Republic of Iran, No. 17-603, 2019 WL 5110604, at *24 (D.D.C. Aug. 26, 2019), report and recommendation adopted in part, rejected in part, 419 F. Supp. 3d 112 (D.D.C. 2020); see also Murphy v. Islamic Republic of Iran, No. 06-596, ECF Nos. 55-1 & 57-1 (calculating injured servicemember's and bombing victim's lost earnings after taxes).  This is consistent with the Circuit's direction to calculate lost earnings after taxes in death and injury cases.  Hooks v. Washington Sheraton Corp., 578 F.2d 313, 317 (D.C. Cir. 1977).  Having reviewed the methodology and estimates calculated on a post-tax basis, the Court adopts the after-tax economic-loss damages for Egli and the nine Estate Plaintiffs.  See Addendum to Frankenfeld Expert Report at 4–13.  Additionally, in light of the Court's previous award of punitive damages equal to the amount of compensatory damages for

2

these ten Plaintiffs, the punitive-damages estimates are revised to reflect the new levels of compensatory damages inclusive of after-tax economic loss. Pennington, 2022 WL 168261, at *6. Those revised figures are reflected in the chart at the end of this Opinion.

    C. Personal-Consumption Rates

The Court next turns to the variation in personal-consumption rates among Plaintiffs. It noted in its earlier Opinion that there was "considerable unexplained variation . . . both among the decedents in this case and in comparison to estimates in other similar cases." Id. at *4. Frankenfeld has since explained that his estimates of personal-consumption rates were calculated from tables that have been "used consistently for many years [and] were developed by PricewaterhouseCoopers [] and verified and applied on behalf of the September 11th Victims Compensation Fund to help determine awards for the approximately 3,000 victims of that tragedy." Suppl. Frankenfeld Rep. at 4. The personal-consumption rates used for the nine Estate Plaintiffs do indeed correspond to those in the PricewaterhouseCoopers tables for individuals with similar familial status and income levels. See ECF No. 54-2 (Declaration of Daniel Alberstone), Exh. 1(b) (Expert Report of Donald L. Frankenfeld), Appendices A–J; see also Suppl. Frankenfeld Rep., Exh. A. Since the PricewaterhouseCoopers table appears to be a standard option for calculating personal consumption and since the rates it contains were correctly applied here, the Court is satisfied by this explanation for the variation in personal consumption. See Suppl. Frankenfeld Rep. at 4–5 (explaining basis for differing personal-consumption rates based on marital and familial status).

    D. Mesa's Pension Plan

Finally, Plaintiffs' expert has also clarified that his determination of the economic losses incurred by the Estate of Rudy Guerrero Mesa was based on "a reasonable estimate" of the

pension plan Mesa likely chose, rather than on the details of the plan Mesa actually selected since Mesa's family was "not able to locate any documents that identify specifically" the choices that were made. See Suppl. Frankenfeld Rep. at 5. Instead, Frankenfeld's "reasonable estimate" was based on information provided by Mesa's family "regarding the current payments from those pensions." Id. This choice was indeed reasonable given the circumstances, and the relevant pension payments should appropriately be considered in Mesa's economic-loss calculation. See, e.g., Buonocore v. Great Socialist People's Libyan Arab Jamahiriya, Nos. 06-727 and 08-529, 2013 WL 351546, at *26 (D.D.C. Jan. 29, 2013) (incorporating projected pension payments into economic-loss calculations).

E.  Final Calculation

Given the revised submissions and preceding discussion, the final calculation of damages is reflected in the table below.

| Plaintiff Name | Relationship to Servicemember | Solatium | Economic Loss | Pain & Suffering | Punitive Damages | Total |
|---|---|---|---|---|---|---|
| Dianne Pennington | Sibling of Howard Allen | $2,500,000 | | | $2,500,000 | $5,000,000 |
| D. Allen | Son of Howard Allen | $3,000,000 | | | $3,000,000 | $6,000,000 |
| Estate of Howard Paul Allen | | | $1,241,918 | | $1,241,918 | $2,483,836 |
| Melissa Kay Cuka | Spouse of Daniel Cuka | $8,000,000 | | | $8,000,000 | $16,000,000 |
| Abigail Rose Cuka | Daughter of Daniel Cuka | $3,000,000 | | | $3,000,000 | $6,000,000 |
| A.M. Cuka | Son of Daniel Cuka | $3,000,000 | | | $3,000,000 | $6,000,000 |
| Estate of Daniel | | | $1,759,657 | | $1,759,657 | $3,519,314 |

| Name | Relationship | Solatium | Economic | Pain & Suffering | Compensatory | Punitive (2x) |
|---|---|---|---|---|---|---|
| Michael Cuka | | | | | | |
| Colleen Schlid | Parent of Richard Schlid | $5,000,000 | | | $5,000,000 | $10,000,000 |
| LaNita Herlem | Spouse of Bryant Anthony Herlem | $8,000,000 | | | $8,000,000 | $16,000,000 |
| Estate of Bryant Anthony Herlem | | | $1,585,594 | | $1,585,594 | $3,171,188 |
| Velia F. Mesa | Spouse of Rudy Guerrero Mesa | $8,000,000 | | | $8,000,000 | $16,000,000 |
| Velia A. Mesa | Daughter of Rudy Guerrero Mesa | $3,000,000 | | | $3,000,000 | $6,000,000 |
| Lucy Rigby | Daughter of Rudy Guerrero Mesa | $3,000,000 | | | $3,000,000 | $6,000,000 |
| Luis Aguilar | Step-Son of Rudy Guerrero Mesa | $3,000,000 | | | $3,000,000 | $6,000,000 |
| Manuel Aguilar | Step-Son of Rudy Guerrero Mesa | $3,000,000 | | | $3,000,000 | $6,000,000 |
| Estate of Rudy Guerrero Mesa | | | $660,926 | | $660,926 | $1,321,852 |
| Corey Schlenker | Spouse of William Thorne | $8,000,000 | | | $8,000,000 | $16,000,000 |
| Estate of William E. Thorne | | | $932,575 | | $932,575 | $1,865,150 |
| Timothy Merrill | Parent of Jason L. Merrill | $5,000,000 | | | $5,000,000 | $10,000,000 |
| Wanda Sue Merrill | Parent of Jason L. Merrill | $5,000,000 | | | $5,000,000 | $10,000,000 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Alyssa Merrill | Sibling of Jason L. Merrill | $2,500,000 | | | $2,500,000 | $5,000,000 |
| Amber Piraneo | Sibling of Jason L. Merrill | $2,500,000 | | | $2,500,000 | $5,000,000 |
| Ashlea Lewis | Sibling of Jason L. Merrill | $2,500,000 | | | $2,500,000 | $5,000,000 |
| Estate of Jason Lynn Merrill | | | $533,599 | | $533,599 | $1,067,198 |
| Lyle Brooks | Parent of Lucas T. White | $5,000,000 | | | $5,000,000 | $10,000,000 |
| Tamara Stout | Step-Parent of Brandon Stout | $5,000,000 | | | $5,000,000 | $10,000,000 |
| Melinda Igo | Parent of Michelle Wager | $2,500,000 | | | $2,500,000 | $5,000,000 |
| Alicia Igo | Sibling of Michelle Wager | $500,000 | | | $500,000 | $1,000,000 |
| Ashley Lewis | Sibling of Michelle Wager | $500,000 | | | $500,000 | $1,000,000 |
| Devin Igo | Sibling of Michelle Wager | $500,000 | | | $500,000 | $1,000,000 |
| Gina Wright | Parent of Christopher D. Young | $5,000,000 | | | $5,000,000 | $10,000,000 |
| Kimberly Yarbrough | Parent of Barry Mayo | $5,000,000 | | | $5,000,000 | $10,000,000 |
| Taylor Brown | Son of Scott Brown | $3,000,000 | | | $3,000,000 | $6,000,000 |
| Estate of Scott James Brown | | | $1,808,612 | | $1,808,612 | $3,617,224 |
| Rachel Lambright | Spouse of Jerral Steele Hancock | $4,000,000 | | | $4,000,000 | $8,000,000 |

6

| Danielle Egli | Spouse of Adam Egli | $4,000,000 | | | $4,000,000 | $8,000,000 |
|---|---|---|---|---|---|---|
| K. Egli | Child of Adam Egli | $750,000 | | | $750,000 | $1,500,000 |
| B. Egli | Child of Adam Egli | $750,000 | | | $750,000 | $1,500,000 |
| Adam Egli | Servicemember | | $1,298,161 | $5,000,000 | $6,298,161 | $12,596,322 |
| Laura Russell Kennedy | Spouse of Jonathan Edds | $8,000,000 | | | $8,000,000 | $16,000,000 |
| Estate of Jonathan Edds | | | $2,060,851 | | $2,060,851 | $4,121,702 |
| Monique Shantel Green Richard | Spouse of Joseph Richard III | $8,000,000 | | | $8,000,000 | $16,000,000 |
| Estate of Joseph Richard III | | | $1,169,671 | $1,000,000 | $2,169,671 | $4,339,342 |
| **Total** | | $130,500,000 | $13,051,564 | $6,000,000 | $149,551,564 | $299,103,128 |

The Court, accordingly, ORDERS that:

1. Plaintiffs' [58] Amended Motion for Default Judgment is GRANTED;

2. The prior Judgment in the Court's [56] Order is VACATED; and

3. Judgment is ENTERED in the amount of $299,103,128 in favor of Plaintiffs and against Iran.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: May 3, 2022